**SO ORDERED.**

**SIGNED this 05 day of February, 2009.**

_____
  **J. Rich Leonard**
  **United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

| | |
|---|---|
| EAGLE CREEK SUBDIVISION, LLC | Case No. 08-04292-8-JRL |
| EAGLES TRACE, LLC | Case No. 08-04293-8-JRL |
| AUMOND GLEN, LLC | Case No. 08-04294-8-JRL |
| BACK CREEK FARMS SUBDIVISION, LLC | Case No. 08-04295-8-JRL |
| SADDLEBROOK SUBDIVISION, LLC | Case No. 08-04296-8-JRL |
| THE HEIGHTS SUBDIVISION, LLC | Case No. 08-06502-8-JRL |
| KELSEY GLEN, LLC | Case No. 08-06503-8-JRL |
| THE RAPIDS AT BELMEADE, LLC | Case No. 08-06504-8-JRL |
| WATER MILL, LLC | Case No. 08-06506-8-JRL |
| CHANDLER OAKS, LLC | Case No. 08-06507-8-JRL |
| MYERS MILL, LLC | Case No. 08-06508-8-JRL |
| RIVER CHASE SUBDIVISION, LLC | Case No. 08-06509-8-JRL |
| THE VILLAGE AT WINDSOR CREEK, LLC | Case No. 08-07020-8-JRL |
| LISMORE PARK, LLC | Case No. 08-07026-8-JRL |
| OLD TOWNE, LLC | Case No. 08-07170-8-JRL |
| CALEDONIA SUBDIVISION, LLC | Case No. 08-07535-8-JRL |
| | **Chapter 11** |
| DEBTORS. | |

_____

**ORDER**

The matters before the court are the motions for approval of applications by Neal, Bradsher & Taylor P.A. and Northen Blue, LLP for allowance of interim compensation and reimbursement of expenses, and authority to file subsequent applications every 60 days by the committee representing the holders of junior deeds of trust and undivided tenancy-in-common interests. On

January 30, 2009, the court conducted a hearing on these matters in Raleigh, North Carolina.

## BACKGROUND

The debtors are limited liability companies in North and South Carolina created for the purpose of acquiring undeveloped tracts of land, developing the tracts as residential subdivision projects, and selling the lots to various builders for their subsequent construction and sale. The debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code between June 27, 2008 and October 29, 2008 (collectively, the "Eagle Creek Cases"). Each of the debtors was managed by Landcraft Management, Inc. at the time of filing. The debtors share the same members but are involved in the development of separate and distinct subdivisions in varying states of financial health. Each subdivision has its own unique set of creditors.

The court authorized the appointment of a committee to represent individual investors holding certain junior deeds of trust and certain undivided tenancy-in-common interests in property being developed by the debtors (the "Committee"). On November 26, 2008, the court entered an order denying the Committee's motion to substantively consolidate the debtors' cases.[1]

The motions before the court seek approval of certain professionals' fees incurred on behalf of the Committee. The court previously approved the retention of Neal, Bradsher & Taylor, P.A. as a financial advisor to the Committee (the "Financial Advisor"). On November 19, 2008, the Committee moved on behalf of the Financial Advisor for allowance of reasonable compensation in the amount of $25,133.50 and reimbursement of expenses in the amount of $531.61 for work performed between August 14, 2008 and October 31, 2008. On the same date, the Committee

---

[1] In re Eagle Creek Subdivision, LLC, et al., No. 08-04292-8-JRL (Bankr. E.D.N.C. Nov. 26, 2008).

2

moved on behalf of its counsel, Northen Blue, LLP, for allowance of reasonable compensation in the amount of $50,090.50 and reimbursement of expenses in the amount of $1,583.25 for the period between September 1, 2008 and October 31, 2008. The Financial Advisor and Northen Blue, LLP submitted fee applications (the "Fee Applications") which itemized in detail the professionals' services and corresponding fees. The Fee Applications allocate some fees to specific debtors but in most instances allocate the fees to the Eagle Creek Cases collectively. First Tennessee Bank, a secured creditor of Water Mill, LLC, and the Bankruptcy Administrator filed objections to the Fee Applications to the extent that the fees incurred did not apply to certain debtors. At hearing, SunTrust Bank and Wachovia Bank also objected to the Fee Applications.

## **DISCUSSION**

The issue before the court is whether professionals in the Eagle Creek Cases should be paid on a case-by-case or consolidated basis. Under the Bankruptcy Code, the court may award approved professionals "reasonable compensation for actual, necessary services . . ." and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). In determining the amount of reasonable compensation, the court will consider, *inter alia*, "whether the services were necessary to the administration of, or beneficial . . . toward completion of, a case under this title." Id. § 330(a)(3)(c). Thus, the court will not allow compensation for services unlikely to benefit the estate and unnecessary to the administration of the case. Id. § 330(a)(4)(A)(ii).

The Committee argues that the Eagle Creek Cases should be administratively consolidated. In support of its argument, the Committee asserts that the joint administration of cases is permitted under the Federal Rules of Bankruptcy Procedure. Specifically, Rule 1015(b) provides that the court may order a joint administration of estates involving a debtor and an affiliate. FED. R. BANKR. P.

1015(b). The Committee contends that administrative consolidation would promote efficiency and overcome the difficulty in allocating expenses among the approximately sixteen debtor-affiliates whose cases are before the court. The Committee further contends that administrative consolidation is appropriate because the professionals employed in the Eagle Creek Cases, including counsel for the debtors, Northen Blue, LLP, and the Financial Advisor, devoted their time on a consolidated-case basis. For example, the Committee alleges that these professionals drafted pleadings and participated in hearings on matters common to all cases. At hearing, the Committee argued that it was impossible to fairly allocate fees to specific cases because in many instances the work was performed on a consolidated basis. The Committee further argued that requiring fees to be paid on a case-by-case basis would unfairly burden professionals because the professionals would be limited to a recovery for fees in only a fraction of the Eagle Creek Cases, the majority of which are administratively insolvent.

First Tennessee Bank and the Bankruptcy Administrator filed objections to the Committee's motions and argue that the professionals' fees incurred are unreasonable as applied to certain debtors. First Tennessee is a secured creditor of Water Mill, LLC and asserts that the Fee Applications fail to explain how the professionals' services were necessary or beneficial in the Water Mill case. At hearing, First Tennessee argued that the Bankruptcy Code precluded professionals from receiving compensation in cases in which their services were neither necessary nor beneficial. As a result, First Tennessee contends that the Fee Applications should not be allowed. Similarly, the Bankruptcy Administrator asserts that the Fee Applications fail to satisfy the requirements of § 330(a). Specifically, the Bankruptcy Administrator argues that the Financial Advisor and Northen Blue, LLP improperly applied fees to all Eagle Creek Cases because many of

the services provided were necessary or beneficial in only some of these cases. At hearing, the Bankruptcy Administrator asserted that she would support the allowance of professionals' fees if such fees were allocated on a case-by-case basis.

In addition, SunTrust Bank and Wachovia Bank opposed the Fee Applications. SunTrust and Wachovia are secured creditors in cases involving administratively solvent debtors. At hearing, SunTrust and Wachovia both asserted that it was unfair to compensate professionals in the solvent cases for work performed in the administratively insolvent cases. SunTrust and Wachovia further argued that they should not be required to bear the costs of professionals' fees in cases in which they had no interest.

The court finds that the professionals in the Eagle Creek Cases must be paid on a case-by-case basis. Section 330(a) of the Bankruptcy Code allows for the payment of professionals' fees that are necessary or beneficial to the case in which they are incurred. 11 U.S.C. § 330(a). It follows that each case must stand on its own when determining the allocation of professionals' fees among parallel debtors. Here, the Committee has asked the court to administratively consolidate the Eagle Creek Cases in order to ensure that professionals are paid for services provided in every case. However, the court has neither the authority nor the inclination to require that professionals' fees incurred in every Eagle Creek Case be paid out of the few cases that are administratively solvent. Therefore, the court finds that the professionals are not entitled to surcharge successful cases with the expenses of administratively insolvent cases merely because the cases are affiliated. To the extent that more and more of the Eagle Creek Cases are becoming administratively insolvent, professionals work at their own peril.

Based on the foregoing, the Committee's motions for approval of fee applications submitted by Neal, Bradsher & Taylor and Northen Blue, LLP are DENIED. New fee applications should be submitted in which fees are fairly allocated on a case-by-case basis.

"**END OF DOCUMENT**"