**SO ORDERED.**

**SIGNED this 09 day of March, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| EAGLE CREEK SUBDIVISION, LLC | Case No. 08-04292-8-JRL |
| EAGLES TRACE, LLC | Case No. 08-04293-8-JRL |
| AUMOND GLEN, LLC | Case No. 08-04294-8-JRL |
| BACK CREEK FARMS SUBDIVISION, LLC | Case No. 08-04295-8-JRL |
| SADDLEBROOK SUBDIVISION, LLC | Case No. 08-04296-8-JRL |
| THE HEIGHTS SUBDIVISION, LLC | Case No. 08-06502-8-JRL |
| KELSEY GLEN, LLC | Case No. 08-06503-8-JRL |
| THE RAPIDS AT BELMEADE, LLC | Case No. 08-06504-8-JRL |
| WATER MILL, LLC | Case No. 08-06506-8-JRL |
| CHANDLER OAKS, LLC | Case No. 08-06507-8-JRL |
| MYERS MILL, LLC | Case No. 08-06508-8-JRL |
| RIVER CHASE SUBDIVISION, LLC | Case No. 08-06509-8-JRL |
| THE VILLAGE AT WINDSOR CREEK, LLC | Case No. 08-07020-8-JRL |
| LISMORE PARK, LLC | Case No. 08-07026-8-JRL |
| OLD TOWNE, LLC | Case No. 08-07170-8-JRL |
| CALEDONIA SUBDIVISION, LLC | Case No. 08-07535-8-JRL |
| | **Chapter 11** |

        DEBTORS.

_____

**ORDER**

This case is before the court on the motion for reconsideration and re-opening of the evidence by J. Franklin Martin and Scott A. Stover (the "Movants"). For the following reasons, the motion is denied.

## BACKGROUND

The debtors are limited liability companies managed by Landcraft Management, LLC. ("Landcraft"). The sole members of each debtor and the sole owners of Landcraft are J. Franklin Martin, Scott A. Stover, and Matthew A. McDonald. Each of the debtors was created for the purpose of acquiring undeveloped tracts of land located in North or South Carolina, obtaining the necessary permits and approvals, developing the tracts as residential subdivision projects, and selling the lots to various builders for their subsequent construction and sale.

On June 27, 2008, Eagle Creek Subdivision, LLC, Eagles Trace, LLC, Back Creek Farms Subdivision, LLC, Aumond Glen, LLC, and Saddlebrook Subdivision, LLC filed petitions for Chapter 11 relief. Subsequently, on September 22, 2008, The Heights Subdivision, LLC, Kelsey Glen, LLC, The Rapids at Belmeade, LLC, Water Mill, LLC, Chandler Oaks, LLC, Myers Mill, LLC, and River Chase Subdivision, LLC filed for relief under Chapter 11. Next, The Village at Windsor Creek, LLC and Lismore Park, LLC filed for Chapter 11 relief on October 9, 2008. On October 15, 2008, Old Towne, LLC also filed for Chapter 11 relief. Caledonia Subdivision, LLC filed a Chapter 11 petition on October 29, 2008.

On February 2, 2009, the committee representing the holders of junior deeds of trust and tenancy-in-common interests (the "Committee") filed a motion for appointment of a trustee in these cases (the "Motion to Appoint Trustee"). The debtors and several construction lenders filed objections to the Motion to Appoint Trustee. At the conclusion of the hearing held on February 11, 2009, the court provided an oral ruling allowing the Motion to Appoint Trustee. Thereafter, on February 18, 2009, the Movants filed a motion for reconsideration and to re-open the record (the "Motion to Reconsider"). The Movants expressly provide in the Motion to

Reconsider that they "do not seek to alter the Court's ruling on the appointment of a trustee in these cases." Rather, the Movants request authorization to submit additional evidence subsequent to the conclusion of hearing.

## DISCUSSION

A motion to reconsider or to alter or amend a judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 9023(e). The bankruptcy court will deny a motion to reconsider unless the Movants show such relief is necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." In re Morris, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing E.E.O.C. v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)). The purpose of Rule 59(e) is not to allow a disappointed party to advance new arguments which should have been raised prior to the issuance of judgment. In re DEF Invs., Inc., 186 B.R. 671, 681 (Bankr. D. Minn. 1995) (citing Concordia Coll. Corp. v. W.R. Grace & Co., 999 F.2d 326 (8th Cir.), cert. denied, 510 U.S. 1093, 114 S. Ct. 926 (1994)). In general, reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.), cert. denied, 525 U.S. 1104, 119 S. Ct. 869 (1999).

The Movants argue in favor of re-opening the record because they allegedly did not know what testimony would be presented at hearing and because Mr. Stover was not present to address the evidence before the court. However, the court finds that the testimony at hearing was directly related to the management of Landcraft and that the Movants knew or should have

known their managing practices would be the focal point of the hearing. Under § 1104(a)(1) of the Bankruptcy Code, the court will order the appointment of a trustee "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor *by current management* . . . ." 11 U.S.C. § 1104(a)(1) (emphasis added). "The clearest examples [where appointment of a trustee is warranted] are those in which the debtor or its managers have engaged in serious fraud or dishonesty, or have grossly mismanaged the business." 7 Collier on Bankruptcy ¶ 1104.02[1], (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. Rev. 2007). Because the Movants are members of the debtors and principals of Landcraft, it should have been apparent to the Movants that their business practices would be subject to attack. Furthermore, counsel for Mr. Martin, the debtors, and the objecting lenders were present at hearing and had every opportunity to cross-examine the Committee's witnesses. The absence of Mr. Stover from the hearing does not excuse the Movants' failure to defend themselves from the Committee's allegations; on the contrary, Mr. Stover's absence illustrates the need for a trustee in these cases.

The court further finds that the purpose of the Motion to Reconsider is to reargue and bring forth new assertions in response to allegations initially raised in the Committee's Motion to Appoint Trustee. A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." Concordia Coll. Corp. v. W.R. Grace Co., 999 F.2d 326, 330 (8th Cir.), cert. denied, 510 U.S. 1093, 114 S. Ct. 926 (1994) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir.), cert. denied, 488 U.S. 820, 109 S. Ct. 63 (1988)). The arguments brought forth in the Motion to Reconsider are multiple. First, the Movants allege that Mr. Neal, the Committee's expert witness in accounting, misstated the

4

ownership structure of Landcraft Properties, Inc., as well as the reasons behind Landcraft's formation in 2002. The court finds that any inaccuracies in Mr. Neal's testimony regarding Landcraft Properties, Inc. or Landcraft should have been addressed on cross-examination or through the testimony of other witnesses. Additionally, the Motion to Appoint Trustee provided the Movants with sufficient notice that the Committee would address Landcraft Properties, Inc. at hearing. Motion to Appoint Trustee, p. 4, ¶ 8(i)-(j). Even if Mr. Stover's absence from hearing was reasonable, counsel for the debtors and Mr. Martin had the opportunity at hearing to cross-examine Mr. Neal and present witnesses. Second, the Movants argue that the Committee's witnesses failed to divulge the "fundamental fact" that Landcraft shared its financial statements only with construction lenders. The court finds that this omission neither represents new evidence nor creates a manifest injustice and could have been raised at hearing by the debtors, Landcraft, or their principals. Third, the Movants argue that Landcraft did not mislead investors into believing that their money would be used to further specific subdivisions. Again, the Movants cannot wait until the conclusion of hearing to raise an argument against an allegation originally made by the Committee in its Motion to Appoint Trustee, which expressly asserts that "[i]nvestor funds were solicited for particular projects, then immediately used for other projects." Motion to Appoint Trustee, p. 4, ¶ 8(h). Finally, the Movants assert that Landcraft and its principals reasonably believe that Landcraft will be profitable going forward. The court finds that the Movants could and should have asserted this argument, like the others incorporated in the Motion to Reconsider, in a response to the Motion to Appoint Trustee or at hearing.

      Finally, the court finds that the Movants cannot satisfy any of the three factors adopted by the Fourth Circuit that would warrant reconsideration and re-opening of the record. First, the

5

Movants do not allege an intervening change in controlling law.  Second, the Movants fail to offer any new evidence that was not available at hearing.  Rather, the court finds that all arguments and evidence brought forth in the Motion to Reconsider were available and should have been raised prior to the court's ruling at the conclusion of hearing.  Third, denying the Movants' motion would not result in manifest injustice.  In fact, the Movants admit that they do not object to the court's ruling authorizing the appointment of a trustee.  Rather, the Motion to Reconsider appears to be an attempt to mitigate harm against the Movants resulting from testimony by the Committee's witnesses.  To the extent the Movants would be harmed by any misstated testimony of the Committee's witnesses, the court finds that the Movants had sufficient notice and opportunity to address such inconsistencies at hearing.

Based on the foregoing, the motion for reconsideration and re-opening of the evidence is DENIED.

"END OF DOCUMENT"