**SO ORDERED.**

**SIGNED this 13 day of May, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

| | |
|---|---|
| EAGLE CREEK SUBDIVISION, LLC | Case No. 08-04292-8-JRL |
| EAGLES TRACE, LLC | Case No. 08-04293-8-JRL |
| AUMOND GLEN, LLC | Case No. 08-04294-8-JRL |
| BACK CREEK FARMS SUBDIVISION, LLC | Case No. 08-04295-8-JRL |
| SADDLEBROOK SUBDIVISION, LLC | Case No. 08-04296-8-JRL |
| THE HEIGHTS SUBDIVISION, LLC | Case No. 08-06502-8-JRL |
| KELSEY GLEN, LLC | Case No. 08-06503-8-JRL |
| THE RAPIDS AT BELMEADE, LLC | Case No. 08-06504-8-JRL |
| WATER MILL, LLC | Case No. 08-06506-8-JRL |
| CHANDLER OAKS, LLC | Case No. 08-06507-8-JRL |
| MYERS MILL, LLC | Case No. 08-06508-8-JRL |
| RIVER CHASE SUBDIVISION, LLC | Case No. 08-06509-8-JRL |
| THE VILLAGE AT WINDSOR CREEK, LLC | Case No. 08-07020-8-JRL |
| LISMORE PARK, LLC | Case No. 08-07026-8-JRL |
| OLD TOWNE, LLC | Case No. 08-07170-8-JRL |
| CALEDONIA SUBDIVISION, LLC | Case No. 08-07535-8-JRL |
| | **Chapter 11** |
| DEBTORS. | |

_____

**ORDER**

This case is before the court on the joint motion to amend order or, alternatively, for relief from order, by J. Franklin Martin and Scott A. Stover (the "Movants"). On April 29, 2009, the court conducted a hearing on this matter in Raleigh, North Carolina.

**BACKGROUND/PROCEDURAL HISTORY**

The debtors are limited liability companies managed by Landcraft Management, LLC. ("Landcraft"). Each of the debtors was created for the purpose of developing tracts of land in North and South Carolina as residential subdivision projects and selling the lots to various builders for their subsequent construction and sale. J. Franklin Martin and Scott A. Stover are members of the debtors and owners of Landcraft. On July 15, 2008, the court entered an order authorizing the appointment of a committee to represent individual investors holding certain junior deeds of trust and certain undivided tenancy-in-common interests in property being developed by the debtors (the "Committee").

On February 2, 2009, the Committee filed a motion to appoint a trustee in the debtors' cases. On February 11, 2009, the court conducted a hearing at which James. E. Neal, an expert in accounting, and John L. Sullivan, an investor in several of the debtors' subdivisions and chairman of the Committee, testified on behalf of the Committee. No witnesses or documentary evidence were presented at hearing to rebut the testimony of Mr. Neal or Mr. Sullivan, and Mr. Stover did not attend the hearing.[1] Based on the testimony of Mr. Neal and Mr. Sullivan and the evidence on record, the court issued a ruling from the bench at the conclusion of the hearing allowing the Committee's motion for appointment of a trustee.

On February 18, 2009, the Movants filed a motion for reconsideration and to re-open the evidence. On March 9, 2009, the court entered an order denying the Movants' motion for reconsideration as well as an order setting forth the rationale for the oral ruling at the conclusion

---

[1] Mr. Martin also failed to attend the hearing on the motion for appointment of a trustee but was represented by counsel.

of the February 11, 2009 hearing authorizing the appointment of a trustee (the "Trustee Order"). Subsequently, on March 19, 2009, and within 10 days of the Trustee Order, the Movants filed a joint motion to amend the Trustee Order.

### DISCUSSION

The Movants request that the court amend the Trustee Order to correct certain findings of fact that they allege are both erroneous and prejudicial to the Movants. A motion to alter or amend a judgment is governed by Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings by Rules 7052 and 9023 of the Federal Rules of Bankruptcy Procedure. In re El-Amin, 252 B.R. 652 (Bankr. E.D. Va. 2000). The bankruptcy court will deny a motion to amend a judgment unless the Movants show such relief is necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." In re Morris, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)). The purpose of Rule 59(e) is not to allow a disappointed party to advance new arguments which should have been raised prior to the issuance of judgment. In re DEF Invs., Inc., 186 B.R. 671, 681 (Bankr. D. Minn. 1995) (citing Concordia Coll. Corp. v. W.R. Grace & Co., 999 F.2d 326 (8th Cir.), cert. denied, 510 U.S. 1093, 114 S. Ct. 926 (1994)). In general, reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.), cert. denied, 525 U.S. 1104, 119 S. Ct. 869 (1999).

The Movants argue that the court made three erroneous findings of fact which are materially prejudicial to the Movants. First, the Movants assert that the Trustee Order

3

incorrectly insinuates that Landcraft commingled funds of the debtors post-petition. The Trustee Order provides in part:

> [A] trustee is warranted because Landcraft grossly mismanaged the affairs of the debtors. . . . Landcraft's pattern of mismanagement has continued throughout these cases. Mr. Neal established that Landcraft commingled funds by transferring money earmarked for specific debtors into a single bank account and then disbursing the funds to other Subdivisions. . . .

Trustee Order at 5-6. The Movants object to this provision of the Trustee Order and argue that it incorrectly implies that the commingling of funds continued subsequent to the filing of the debtors' bankruptcy petitions. The court agrees that the Trustee Order could be construed to suggest that Landcraft commingled funds subsequent to the commencement of the debtors' bankruptcy cases. Therefore, the court will amend the Trustee Order to eliminate this ambiguity.

Second, the Movants allege that the evidentiary record fails to support the court's finding that Landcraft misled individual investors and commercial lenders into believing that Landcraft was profitable subsequent to 2004. On the contrary, the court finds that the record is replete with evidence that Landcraft misrepresented its financial health. Mr. Neal and Mr. Sullivan established at hearing that Landcraft was dishonest in its soliciting and disbursement of both investors' and construction lenders' funds. Additionally, Mr. Neal established that Landcraft was dishonest in its accounting by categorizing as "assets" funds diverted from successful subdivision projects into projects that were financially impracticable. Further, Mr. Neal established that there was no purpose that he could discern for the split in 2004 of the balance sheets of Landcraft Properties, Inc. and Landcraft except to hide the losses of Landcraft

Properties, Inc. and to hold Landcraft out to all as a profitable company.

Third, the Movants argue that there is insufficient evidence that Landcraft did not expect to collect the accounts receivable due from owners of the subdivisions and Landcraft Properties, Inc. The court disagrees. Mr. Neal established at hearing that the accounts receivable due from owners more than tripled between 2005 and 2007 despite a thriving real estate market. There was no evidence presented by Landcraft to suggest that it had a reasonable expectation of being repaid these accounts receivable, which had increased to $22,427,383.80 by the end of 2007.

In conclusion, the court finds that its factual findings and conclusions provided in the Trustee Order are a fair inference arising from those facts that were undisputed at the hearing on the motion for appointment of a trustee. Therefore, the joint motion of J. Franklin Martin and Scott A. Stover to amend the Trustee Order is DENIED, with the exception of the ambiguity regarding the extent of the commingling of the debtors' funds, which the court amends as follows:

> Landcraft's pattern of mismanagement has continued throughout these cases. Mr. Neal established that Landcraft**, prior to the filing of these cases,** commingled funds by transferring money earmarked for specific debtors into a single bank account and then disbursing the funds to other Subdivisions. . . .

"END OF DOCUMENT"